```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
                            MIAMI DIVISION
                  CASE NO. 14-20299-CRIMINAL-LENARD


 UNITED STATES OF AMERICA,            Miami, Florida

             Plaintiff,               August 27, 2014

      vs.                             3:21 p.m. to 3:38 p.m.

 LIZETTE GARCÍA,

             Defendant.               Pages 1 to 13
 _____


                         SENTENCING HEARING
                BEFORE THE HONORABLE JOAN A. LENARD,
                    UNITED STATES DISTRICT JUDGE



 APPEARANCES:


 FOR THE GOVERNMENT:      ANNE McNAMARA, ESQ.
                          U.S. DEPARTMENT OF JUSTICE
                          CRIMINAL DIVISION, FRAUD SECTION
                          1400 New York Avenue, NW
                          Washington, DC 20530


 FOR THE DEFENDANT:       ERNESTO SEGUNDO MEDINA, ESQ.
                          782 Northwest 42nd Avenue
                          Suite 641
                          Miami, Florida 33126


 FOR US PROBATION:        MICHELLE BURGESS


 REPORTED BY:             LISA EDWARDS, RDR, CRR
                          Official Court Reporter
                          United States District Court
                          400 North Miami Avenue
                          Twelfth Floor
                          Miami, Florida 33128
                          (305) 523-5499
```

1          THE COURT:  Good afternoon.  You may be seated.
2          MR. MEDINA:  Good afternoon.
3          MS. McNAMARA:  Good afternoon.
4          THE COURT:  United States of America versus Lizette
5   Garcia, Case No. 14-20299.
6          Good afternoon.
7          Counsel and Probation, state your appearances, please,
8   for the record.
9          MS. McNAMARA:  Good afternoon, your Honor.
10         Anne McNamara on behalf of the United States.
11         THE COURT:  Good afternoon.
12         MR. MEDINA:  Good afternoon, your Honor.
13         Ernesto Medina on behalf of Lizette Garcia, who's
14  seated to my right.
15         THE COURT:  Good afternoon.
16         THE PROBATION OFFICER:  Good afternoon, your Honor.
17         Michelle Burgess on behalf of US Probation.
18         THE COURT:  Good afternoon.
19         Ms. García is set for sentencing today.
20         Ms. García, have you read the revised advisory
21  presentence investigation report?
22         THE DEFENDANT:  Yes, your Honor.
23         THE COURT:  And have you and your attorney discussed
24  the revised advisory presentence investigation report?
25         THE DEFENDANT:  Yes, your Honor.

```
 1              THE COURT:  My examination of the file indicates that
 2    neither the Government nor the Defendant have filed any
 3    objections to the revised advisory presentence investigation
 4    report.  Is that correct?
 5              MS. McNAMARA:  Yes, your Honor.
 6              MR. MEDINA:  Yes, your Honor.
 7              THE COURT:  The Court will therefore adopt the factual
 8    findings and guideline applications as contained in the revised
 9    advisory presentence investigation report.
10              Before going further, I would ask counsel to review
11    with me the major calculations in the revised advisory
12    presentence investigation report.
13              The offense level is 12.  The criminal history category
14    is Roman numeral I.  The advisory guideline range is 10 to
15    16 months' imprisonment, one to three years' supervised
16    release, and $100 special assessment.
17              Is that correct in its totality?
18              MS. McNAMARA:  That's correct, your Honor.
19              And I can go into a bit more detail about how we got to
20    that number of 12, if necessary.
21              THE COURT:  I don't believe so.  There's been no
22    objection to that calculation.
23              Is that correct, counsel?
24              MR. MEDINA:  Yes, your Honor.
25              THE COURT:  Ms. García, you are in court today to
```

```
 1   receive your sentence.  Before that happens, I must ask you if
 2   there's any legal cause as to why the sentence of the law
 3   should not be pronounced upon you.
 4           THE DEFENDANT:  No, your Honor.
 5           THE COURT:  No legal cause having been shown as to why
 6   sentence should not be imposed, the Court will consider
 7   whatever you may wish to say in mitigation.
 8           Counsel?
 9           MR. MEDINA:  Yes, your Honor.
10           If I --
11           THE COURT:  Can you move the microphone towards you,
12   please.
13           MR. MEDINA:  Of course, your Honor.
14           Your Honor, just to continue on that guideline range, I
15   believe it states that, since the guideline range is Zone C of
16   the sentencing table, the minimum term may be satisfied by,
17   one, a sentence of imprisonment or, two, a sentence of
18   imprisonment that includes a term of supervised release with a
19   condition that such community confinement or home detention,
20   according to the schedule in Subsection E, provided at least
21   one-half of the minimum term is satisfied by imprisonment
22   [sic].
23           So, in other words, the Court can choose -- if it
24   chooses to impose imprisonment, I believe the Court can impose
25   one-half imprisonment and one-half community control.
```

1          Okay, your Honor?  I just wanted to point that point
2    out.
3          THE COURT:  Yes.  I'm aware of that.
4          MR. MEDINA:  Okay, your Honor.
5          Your Honor, Ms. García was born in Miami, Florida.
6    She's 38 years old.  She's married.  She has one 12-year-old
7    daughter.  She is the primary custodian and caretaker of her
8    daughter.  She's actively engaged in volunteer work in her
9    daughter's school.  Her daughter is an honors student.
10         When Ms. Garcia -- she's got no prior criminal record.
11   When Ms. García began working at Anna's Nursing Home Care, she
12   was hired to be a receptionist/office clerk, earning $10 an
13   hour.  During her work there at the clinic, she never received
14   any other remuneration other than her salary.
15         When she was contacted by federal agents regarding this
16   case, since the very beginning, she accepted responsibility and
17   agreed to cooperate with the Government and cooperated with the
18   Government.  And I believe that could be corroborated by the
19   Assistant United States Attorney.
20         So, basically, your Honor, as we stand here today,
21   there is a plea agreement.  There are certain limitations as to
22   the plea agreement.  But those are, I think, important factors
23   regarding this case.
24         Her conduct -- she pled guilty to Count 3 of this
25   indictment, which she made some payments to recruiters or

1  individuals that were not supposed to.  This was in envelopes
2  that were given to her by the owner, her boss, Dora Moreira,
3  the owner of the clinic.
4          And so, your Honor, the main point, she never received
5  any remuneration for any of this activity.  Her sole intention
6  was to work as a receptionist at this clinic, earning $10 an
7  hour.  Eventually, when there was more work and more
8  responsibility and some other person was laid off, her salary
9  was increased to $12 an hour.
10         She worked there approximately from October of 2012 --
11 and correct me if I'm wrong -- until about May of 2013.
12         So she accepts responsibility for this act.  She
13 cooperated with the Government.  And in view of the fact that
14 she's a caretaker of a 12-year-old daughter, I'm asking the
15 Court to exercise the maximum authority that the Court can and
16 impose a sentence which this Court deems just and proper.
17         But we both agree, your Honor, I believe, that the
18 Court can sentence the Defendant towards the low end of the
19 guidelines.  I think the Government has no objection to that.
20         MS. McNAMARA:  That's correct.
21         Per the terms of the plea agreement, the parties
22 together agree to recommend a guidelines sentence on the low
23 end of the range.  The range is 10 to 16.
24         Ms. García has been cooperative to date.  There's been
25 no decision made yet as to whether there will be a Rule 35.  It

```
 1   continues to be under consideration now.
 2          We believe that this is the appropriate sentence, a low
 3   end of the guidelines range.
 4          THE COURT:  Ms. García, is there anything you wish to
 5   say, ma'am?
 6          THE DEFENDANT:  Well, like my attorney stated, I
 7   started working because I needed a job, not knowing what was
 8   going on.  Later on, I started seeing discrepancies here and
 9   there.
10          I was a little afraid of my boss.  She was
11   intimidating.  I do have family.  So I didn't back out, I
12   guess, afraid of what she would do to my family.  But I do have
13   a 12-year-old daughter that I attend.
14          And I guess that's it, your Honor.
15          THE COURT:  If you would stand with your client.
16          The Court has considered the statements of the parties,
17   the revised advisory presentence investigation report, which
18   contains the advisory guidelines, and the statutory factors set
19   forth in Title 18, United States Code, Section 3553(a).
20          It is the finding of the Court that the Defendant is
21   not able to pay a fine and, therefore, no fine shall be
22   imposed.
23          Pursuant to the Sentencing Reform Act of 1984, it is
24   the judgment of the Court that the Defendant, Lizette Garcia,
25   is hereby committed to the custody of the United States Bureau
```

1  of Prisons to be imprisoned for ten months as to Count 3.
2           Upon release from imprisonment, the Defendant shall be
3  placed on supervised release for a term of two years.
4           Within 48 hours of release from the custody of the
5  United States Bureau of Prisons, the Defendant shall report in
6  person to the Probation Office in the district to which she is
7  released.
8           While on supervised release, the Defendant shall not
9  commit any federal, state or local crimes; she shall be
10 prohibited from possessing a firearm or other dangerous device;
11 she shall not possess a controlled substance; she shall
12 cooperate in the collection of DNA and shall comply with the
13 standard conditions of supervised release that have been
14 adopted by this Court and with the following special
15 conditions:
16          The Defendant shall provide complete access to
17 financial information, including disclosure of all business and
18 personal finances, to the United States probation officer.
19          The Defendant shall participate in an approved
20 treatment program for drug and/or alcohol abuse, if
21 appropriate, and abide by all supplemental conditions of
22 treatment.
23          Participation may include inpatient or outpatient
24 treatment.  The Defendant will contribute to the cost of
25 services rendered by means of a copayment based upon her

1  ability to pay or availability of third-party payment.
2          The Defendant shall obtain prior written approval from
3  the Court before entering into any self-employment.
4          The Defendant shall submit to a search of her person or
5  property conducted in a reasonable manner and at a reasonable
6  time by the United States probation officer.
7          The Defendant shall not own directly or indirectly or
8  be employed directly or indirectly in any healthcare business
9  or service which submits claims to any private or government
10 insurance company without the Court's prior written approval.
11         It is further ordered that the Defendant shall pay to
12 the United States a special assessment of $100.
13         Are there any remaining counts?
14         MS. McNAMARA:  No, your Honor.
15         THE COURT:  Ms. García, it is my duty to inform you,
16 ma'am, that you have 14 days with which to appeal the judgment
17 and sentence of this Court.
18         Should you desire to appeal and be without funds with
19 which to prosecute an appeal, an attorney will be appointed to
20 represent you in connection with that appeal.
21         Should you fail to appeal within that 14-day period, it
22 will constitute a waiver of your right to appeal.
23         It is also my duty to elicit from counsel from both
24 sides fully articulated objections to the Court's finding of
25 facts and conclusions of law as announced at this sentencing

1  hearing and to further elicit any objections which either side
2  may have to the manner in which sentence was imposed in this
3  case.
4              Are there any objections from the Government?
5              MS. McNAMARA:  No, your Honor.
6              Though I would add the Government is seeking forfeiture
7  in this case to the extent some assets are ever uncovered.
8              THE COURT:  And is there any objection to including
9  forfeiture in the judgment?
10             MR. MEDINA:  Excuse me, your Honor.  Could you repeat
11 that.
12             THE COURT:  Are there any objections to including -- do
13 you oppose the Government's motion to include forfeiture in the
14 judgment?
15             MR. MEDINA:  No, your Honor.
16             But I believe there is no --
17             THE COURT:  That motion is granted.
18             Any objections by the Defendant?
19             THE DEFENDANT:  No.
20             THE COURT:  I need to hear from counsel.
21             MR. MEDINA:  No, your Honor.
22             THE COURT:  Any objections by the Defendant?
23             MR. MEDINA:  No.  No objections, your Honor.
24             Your Honor, I have one request before you end.
25             THE COURT:  Yes.

1          MR. MEDINA:  I spoke with counsel.  I think they have
2  no objection that she voluntarily surrender, to give her a
3  reasonable time.
4          She -- we mentioned two weeks so she can voluntarily
5  surrender.  She can be directed to where to surrender and the
6  time, and she will voluntarily do so.
7          THE COURT:  What is the Government's schedule on the
8  Rule 35?  When are you making a decision on that?
9          MS. McNAMARA:  A decision has not yet been made.  I
10 don't anticipate one being made the next two weeks.  The
11 Government has no objection to a 14-day delay before she
12 surrenders.
13         THE COURT:  Well, when are you going to make a decision
14 on the Rule 35?
15         MS. McNAMARA:  I do not have an exact date.  I
16 anticipate it would most likely come in the next -- it is
17 quite -- because of the ongoing investigation, I cannot provide
18 an exact time yet.  The next several months.
19         THE COURT:  Well, if it's in the next several months
20 and she goes in in two weeks or if she goes in today, what
21 benefit is she going to get from the Rule 35 if you file one?
22         MS. McNAMARA:  I understand the Court's position.
23         I will speak to the team and see if there is -- where
24 we are right now.  We haven't made a decision.  I understand
25 the timing, though, of this.

```
 1              THE COURT:  It's different if a person is facing 30 or
 2   40 or 50 months.  But here we have someone facing 10 months.
 3              MS. McNAMARA:  Yes, your Honor.
 4              THE COURT:  If she goes in and you make your decision
 5   to file a Rule 35 on the 11th month, she's already out.
 6              MS. McNAMARA:  Your Honor, it's understood.
 7              We have not closed the door on a Rule 35.  We are aware
 8   of the timing.
 9              THE COURT:  I'll order a surrender date on
10   September 17th.  And the Government is to file a status as to
11   the Rule 35 by September 12th.
12              MS. McNAMARA:  Yes, your Honor.
13              MR. MEDINA:  Your Honor, would she surrender here at
14   the US marshals office?
15              THE COURT:  She would surrender at the second floor of
16   the Atkins Building, unless she's been designated, by 2:00 on
17   the 17th.
18              Anything further?
19              MS. McNAMARA:  Nothing from the Government, your Honor.
20              THE COURT:  From the Defendant?
21              MR. MEDINA:  No, your Honor.
22              THE COURT:  We're in recess in this matter.  Thank you.
23              MS. McNAMARA:  Thank you.
24              MR. MEDINA:  Thank you.
25              (Proceedings concluded.)
```

```
 1                      C E R T I F I C A T E

 2

 3         I hereby certify that the foregoing is an accurate

 4   transcription of the proceedings in the above-entitled matter.

 5

 6

 7   _____          /s/Lisa Edwards_____
         DATE              LISA EDWARDS, RDR, CRR
 8                         Official United States Court Reporter
                           400 North Miami Avenue, Twelfth Floor
 9                         Miami, Florida 33128
                           (305) 523-5499
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```