UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20299-CR-LENARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LIZETTE GARCIA,

    Defendant.
_____/

### GOVERNMENT'S RESPONSE IN OPPOSITON TO DEFENDANT'S MOTION TO ENFORCE PLEA AGREEMENT

The United States of America, by and through the undersigned attorney, hereby submits a Response in Opposition to Defendant Lizette Garcia's Motion to Enforce Plea Agreement ("Motion to Enforce"). By this proceeding, Defendant seeks a reduction in her sentence by asking this Court to compel the government to move for such reduction pursuant to Fed. R. Crim. P. 35(b). For reasons set forth herein, this Motion to Enforce should be denied.

### PROCEDURAL BACKGROUND

On May 6, 2014, Defendant was charged in a multi-defendant Indictment. (D.E. 3). On June 18, 2014, Defendant pleaded guilty to one count of conspiracy to violate the Anti-kickback Statute, Title 42, United States Code, Section 1320a-7b(b)(2)(A). (D.E. 49). Defendant entered into a written plea agreement (D.E. 50) and factual proffer (D.E. 51) in connection with her plea.

On August 27, 2014, Defendant was sentenced by this Court to a term of 10 months imprisonment, to be followed by 2 years supervised release. (D.E. 73). At sentencing, this Court ordered a surrender date of September 17, 2014, and requested that the government file a status

1

report by September 12, 2014, as to a Rule 35 Motion for Defendant. (*See* Transcript of Sentencing Hearing, at 12) (attached hereto as Exhibit A) (D.E. 89). Pursuant to this Court's request, on September 4, 2014, the government filed such a notice. (D.E. 75). The notice stated that the government "hereby gives notice to the Court and the defendant that at this time it does not intend to file on behalf of the defendant a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure." (D.E. 75).

On January 21, 2015, Defendant filed a Motion to Enforce, to which the government now responds pursuant to this court's February 10, 2015 endorsed order. (D.E. 90).

## LEGAL ANALYSIS

Where a plea agreement merely requires the government to *consider* filing a Rule 35 motion, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. *See United States v. Forney*, 9 F.3d 1492, 1500-1502 (11th Cir. 1993) (quoting *Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992)) (holding such in the context of U.S.S.G. § 5K1.1). Defendant does not cite any case law in support of her claim that the Court must compel the government to file a Rule 35 motion, nor does she identify any portion of the record that supports such a claim.

By way of background, Defendant was debriefed by law enforcement on one occasion in connection with her case. Defendant's criminal defense attorney Ernesto Medina was present during this February 25, 2014 debrief. Defendant now claims that the government signaled during a meeting that it was "satisfied that her testimony met the threshold of substantial assistance" when it "prepared the plea agreement incorporating substantial assistance." (*See* Motion to Enforce, at 2). However, the Plea Agreement clearly advises that the only obligations

2

on the government are those set forth in writing in the Plea Agreement. Defendant agreed to these terms when she executed it. At Defendant's change of plea hearing, the Court asked, and Defendant re-confirmed under oath, that she had read the Plea Agreement before signing it, had fully discussed the Plea Agreement with her attorney before signing it, understood all the terms of the Plea Agreement before signing it, and understood that there were no other promises or assurances made to her in an effort to induce Defendant to enter into the Plea Agreement. (*See* Transcript of Change of Plea Hearing, at 26-28) (attached hereto as Exhibit B) (D.E. 88). The Court also specifically addressed the portion of the Plea Agreement that discussed a possible 5K1 and/or Rule 35 Motion. Defendant was asked by the Court to "acknowledge and agree, however, that nothing in this agreement may be construed to require the Government to file such a motion, and it is the Government's assessment of the nature, value, truthfulness, completeness and accuracy of your cooperation that shall be binding on you." (*Id*. at 20 ¶¶ 4-13). Defendant did so. (*Id*. at 26-28).

These terms have not changed. Defendant now argues that Paragraph 11 of the Plea Agreement "provides for the government to file either a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the sentencing guidelines or a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure." (D.E. 87, at 2, ¶4). While Paragraph 11 does specifically allow for the government to file such a 5K1.1 motion or Rule 35 motion, such language is permissive. Paragraph 11 specifically states that any such decision as to Defendant's cooperation is made "in the sole and unreviewable judgment of the United States," and that United States "may" - not must - make such a recommendation. (*Id.*) Paragraph 11 also states that "the defendant acknowledges and agrees, however, that *nothing in this Agreement may be construed to require the United States to file such a motion* and that the United States'

3

assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant." (D.E. 50, at 6, ¶ 11) (emphasis added). There is nothing in the record to suggest that the government has failed to honor any promises in the Plea Agreement or otherwise failed to meet its obligations to Defendant.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that Defendant's Motion to Enforce be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____/s/_____
ANNE P. MCNAMARA
TRIAL ATTORNEY
Court ID No. A5501847
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 304-2946
Anne.Mcnamara@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that, on February 17, 2015, I electronically filed and served the foregoing document with the Clerk of the Court using CM-ECF.

      _____/s/_____
ANNE P. MCNAMARA
TRIAL ATTORNEY
Court ID No. A5501847
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 304-2946
Anne.Mcnamara@usdoj.gov