UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
    Plaintiff,

CASE NO. 14-20299-CR-LENARD

vs.

LIZETTE GARCIA,
    Defendant.
_____/

## DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE PLEA AGREEMENT

COMES NOW, the Defendant, Lizette Garcia, by and through her undersigned counsel and sets forth her Reply to the Government's Response In Opposition To Defendant's Motion To Enforce Plea Agreement and states as follows:

The thrust of the government's argument is that because of the "language" of the plea agreement they contend that they reserve all rights and discretion with respect to whether or not they must file a Rule 35 motion in this case and that their obligation was merely to "consider" filing a Rule 35 motion. In other words they have sole and absolute discretion as to whether or not they must file a Rule 35 motion, regardless of whether or not the Defendant provided "substantial assistance".

The pertinent paragraph of the plea agreement is paragraph 11. The government wants to construe the interpretation of said paragraph to be that the government is only required to "consider" filing a Rule 35 motion. The language of said paragraph does not say that the government is only required to "consider" filing a Rule 35 motion. If the government so intends to merely "consider" filing a Rule 35 motion even after the Defendant gives "substantial assistance" it should expressly state it in the plea agreement so that Defendants can be fully informed, otherwise they are going to be "used" to their peril.

The language of the plea agreement should be interpreted to be that the government has the exclusive right to evaluate the cooperation of the Defendant and to conclude whether or not it

1

rises to the level of "substantial assistance" and if it does they should abide by their part of the bargain which is to file the Rule 35 motion. Otherwise, this procedure is merely a sham because Defendants are induced to cooperate with the expectancy of receiving the benefit of the Rule 35 motion and then even though they fully cooperated to the government's satisfaction and the government received the benefit of said cooperation and their cooperation rose to the level of "substantial assistance", they are left with nothing to show for it.

The government cites the case of United States v Forney, 9 F.3d 1492, 1500-1502 (11th Cir. 1993). The case of Forney deals with the situation where Forney's cooperation did not rise to the level of substantial assistance. Forney's counsel conceded that Forney's cooperation "resulted in no arrests".

The situation in this case is different in that here the government is not asserting that the Defendant's cooperation did not rise to the level of "substantial assistance".

In this case the Defendant did meet with both government counsel, Anne McNamara, and Brendan Steward and the case agent as I accurately stated on my motion and not just "on one occasion" as is stated in the government's response. (Please see attached e-mails from Anne McNamara to undersigned counsel confirming the second meeting and the "friendly" language therein).

Pursuant to the cooperation of the Defendant, Lizzette Garcia, the Co-Defendant, Armando Buchillon, was indicted, pled guilty and was sentenced by the Court.

The government at no time has asserted that the Defendant's Lizzette Garcia's cooperation did not rise to the level of substantial assistance. I submit that it is obvious that if the Co-Defendant, Armando Buchillon was a main target of the government and the Defendant's cooperation was a significant eyewitness factor in his prosecution and the result was that he was prosecuted and sentenced then her cooperation rose to the level of "substantial assistance".

If Defendant, Lizzette Garcia's cooperation rose to the level of "substantial assistance", Courts are not powerless to intervene and they may require the government to fulfill their part of the bargain and file a Rule 35 motion.

The whole body of case law cited in the dissent of Senior Circuit Judge Clark and his eloquent argument in the said case of Forney come into play and is incorporated herein by reference. It is not necessary to set it all here. The Court can refer to it in the opinion of Forney cited in the government's response and in this reply.

The government's refusal may fall into many of the categories where the Court's have required the government to file the Rule 35 motion. It may well be discriminating in that the Defendant, Lizzette Garcia, is of Cuban origin and is bi-racial of white and black ancestry. It my be arbitrary and capricious and in bad faith. It may be violative of fundamental fairness as incorporated in the due process clause of the 12th amendment to the United States Constitution.

The Defendant, Lizzette Garcia, was induced to cooperate with the expectancy of receiving the benefit of the Rule 35 motion. For all the reasons exposed herein the Court should enter an order requiring the government to file a Rule 35 motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, this 20TH day of February 2015.

Respectfully submitted,

ERNESTO S. MEDINA, ESQUIRE
782 NW 42nd Avenue, Suite 634
Miami, Florida 33126
305-260-0541
305-460-6888 fax

By: /s Ernesto S. Medina, Esquire
    Ernesto S. Medina, Esquire

3

## Meeting

**McNamara, Anne**
To Me, Stewart, Brendan

Ernesto,

Good speaking with you this morning. Wednesday at 12:30 at Miramar works for our team. We will see you then. In the interim, please give a call if you have any questions.

Best,

Anne McNamara
U.S. Department of Justice
Anne.McNamara@usdoj.gov
202-304-2946

Reply, Reply All or Forward | More

2014 - Get Even With Your Auto Insurance Company!
Auto Insurance Discounts

Golf: One Simple Tip to Add 30 Yards Off the Tee
Revolution Golf

Joint Relief for Ages 55+
Instaflex



United States v. Armando Buchillon, et al.

**McNamara, Anne**
To Me, Stewart, Brendan

Ernesto--

Please see the attached draft plea agreement for Lizette Garcia. We will see you tomorrow at 12:30 pm at Miramar, and can discuss further when we meet.

Thank you,
Anne


Anne P. McNamara
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20530
202-304-2946

L. Garcia - Draft Pl... .pdf       View | Download

Reply, Reply All or Forward | More