UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20299-CR-LENARD/GOODMAN

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**LIZETTE GARCIA**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO ENFORCE PLEA AGREEMENT (D.E. 87)

**THIS CAUSE** is before the Court on Defendant's Motion to Enforce Plea Agreement (D.E. 87). Plaintiff has filed a Response (D.E. 91), to which Defendant has filed a Reply (D.E. 92). Having considered the Motion, Response, Reply, and record, the Court finds as follows.

On May 6, 2014, Defendant was charged in a multi-defendant indictment. (D.E. 3). Defendant entered into a plea agreement (D.E. 50) and subsequently pled guilty to one count of conspiracy to violate the Anti-kickback Statute, Title 42, United States Code, Section 1320a-7b(b)(2)(A). On August 27, 2014, the Court sentenced Defendant to a term of ten months of imprisonment to be followed by two years of supervised release. (D.E. 73). At sentencing, the Court requested that Plaintiff file a status report by September 12, 2014, with respect to whether it would be filing a motion under Rule 35 of the Federal Rules of Criminal Procedure on behalf of Defendant. On September 4, 2014,

1

Plaintiff filed a status report in which it stated that "it d[id] not intend to file on behalf of the defendant a motion pursuant to Rule 35." (D.E. 75). Defendant subsequently filed the instant Motion.

In her Motion, Defendant requests that the Court enter an order (1) enforcing the plea agreement and (2) requiring Plaintiff to file a Rule 35 motion recommending a sentence reduction for substantial assistance. (D.E. 87 at 1). Defendant asserts that paragraph eleven of the plea agreement "provides for the government to file either a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the sentencing guidelines or a motion pursuant to Rule 35" if Plaintiff determines that her cooperation constitutes "substantial assistance."[1] (Id. at 2). Defendant argues that, because Plaintiff was "satisfied that her testimony met the threshold of substantial assistance," Plaintiff reneged on the plea agreement by refusing to file a Rule 35 motion on her behalf. (Id.).

---

[1] Paragraph eleven of the plea agreement states in its entirety that:

> The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, now to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the defendant has provided substantial assistance and recommending a sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

Plaintiff responds that, because the plea agreement requires Plaintiff to merely consider the filing of a Rule 35 motion, Plaintiff did not breach the plea agreement and the Court is without jurisdiction to entertain a breach-of-plea-agreement claim. (D.E. 91 at 2). Plaintiff arguments rely on the plain language of the plea agreement.

Plaintiff "'has a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting Wade v. United States, 504 U.S. 181, 185 (1992)). "Where a plea agreement requires the government only to 'consider' filing a Rule 35 motion and places the decision 'solely' in the hands of the government, the government retains this 'power' and does not breach the agreement by failing to file such a motion." United States v. Mignott, 278 F. App'x 997, 999 (11th Cir. 2008) (citing Forney, 9 F.3d 1499-1500). Unless and until Plaintiff files a substantial-assistance motion, the Court is without jurisdiction to review whether a defendant has offered substantial assistance. Id; Forney, 9 F.3d at 1499-1500 & n.2.

Defendant's arguments ignore the plain language of the plea agreement. The plea agreement states in pertinent part that Plaintiff:

> may . . . make a motion . . . pursuant to Rule 35 . . . [i]f in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines.

(D.E. 50 ¶ 11) (emphasis added). Because the plea agreement specifically states that Plaintiff would file a Rule 35 motion if, in its "sole and unreviewable judgment," such a

3

motion was warranted, Plaintiff's refusal to file a Rule 35 motion does not constitute a breach of the plea agreement.  See Mignott, 278 F. App'x at 999.

"In the absence of an express promise on the government's part to file a substantial-assistance motion, courts retain the authority to review the government's failure to do so only for a constitutionally impermissible motivation, such as 'race, religion or other arbitrary classification.'"  United States v. Jones, 480 F. App'x 555, 560 (11th Cir. 2012) (quoting Forney, 9 F.3d at 1501-02 & n.4). "To obtain judicial review of the government's decision on a substantial-assistance motion, a defendant must not simply allege a constitutional violation, but make a 'substantial showing' to this effect.'" Id. at 560-61 (quoting Forney, 9 F.3d at 1502).

In her Motion, Defendant does not allege that Plaintiff's refusal to file a Rule 35 motion was based on any constitutionally impermissible motivation.  In her Reply, however, Defendant asserts that Plaintiff's refusal "may" have been based on her race and national origin.  (See D.E. 92 at 3).  Defendant also asserts that Plaintiff's refusal "may" have been "arbitrary and capricious and in bad faith."  (Id.).  Despite these new allegations, Defendant has made no showing, let alone a "substantial showing," that Plaintiff's refusal was based on any constitutionally impermissible motivation.  See Jones, 480 F. App'x 560.  Additionally, because Plaintiff's decision to file a substantial-assistance motion is a form of prosecutorial discretion, the Court may not review that decision for arbitrariness or bad faith.  See United States v. Castillo, 568 F. App'x 774, 777 (11th Cir. 2014); Forney, 9 F.3d at 1502 n.5.  Thus, the Court is without authority to review Plaintiff's failure to file a Rule 35 motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Enforce Plea Agreement (D.E. 87) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of February, 2015.

                                                        **JOAN A. LENARD**
                                                        **UNITED STATES DISTRICT JUDGE**